# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIMEE DAVIS, | No. 4:16-CV-01011 |
| Plaintiff. | (Judge Brann) |
| v. | |
| C. OTTE, TAMMY R. RISHEL, CYNTHIA FREELAND, ABC CORP., AND JOHN DOE, | |
| Defendant. | |

## MEMORANDUM OPINION

### NOVEMBER 13, 2017

Defendants Cynthia Freeland, M.D., Tammy R. Rishel, PA-C, and Cynthia Otte, R.N., all moved to dismiss Plaintiff Aimee Davis's Amended Complaint. For the reasons that follow, their motions are denied.

## I.  BACKGROUND

### A.  Factual Allegations[1]

Ms. Davis injured her left distal radius – *i.e.*, her wrist – in an automobile accident on October 16, 2015, and was immediately arrested "[i]n connection with

---

[1]  When considering a motion to dismiss for failure to state a claim, a court assumes the truth of all allegations made in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The material in this section, then, is taken entirely from Ms. Davis's Amended Complaint, ECF No. 25, and is presumed true for present purposes.

th[at] accident."[2] While in police custody, she was taken to a hospital, where she was treated unsuccessfully and told that she "must see a specialist within two days."[3] She was discharged from the hospital on October 17, 2015, and remained in police custody until being received into SCI-Muncy on October 22, 2015.[4]

Ms. Davis received no medical care while in police custody through October 22, despite her complaints about "pain and swelling" and her repeated requests for treatment, the need for which was "documented in her transfer paperwork and medical records."[5] Upon her October 22 transfer, during an October 24, 2015 medical evaluation, and on "multiple occasions" through November 24, 2015, Ms. Davis "complained to" Defendants Dr. Freeland, Ms. Rishel, and Ms. Otte[6] about the "significant and unbearable pain and swelling in her fractured wrist, that she needed surgery according to the hospital she had just been treated in, and associated issues including immobility of the joint."[7] Despite her "multiple" complaints to Dr. Freeland, Ms. Rishel, and Ms. Otte, she received no medical care while at SCI-Muncy except "some Motrin for pain," and, furthermore, she was "prevented . . .

---

[2] ECF No. 25 ¶¶ 14-15.

[3] *Id.* ¶¶ 16-18.

[4] *Id.* ¶¶ 19-20.

[5] *Id.* ¶¶ 21-24.

[6] The Amended Complaint alleges that Dr. Freeland, Ms. Rishel, and Ms. Otte are all Pennsylvania state employees and are all "responsible for providing medical care to inmates and making decisions with regard to the inmates' access to medical services." *Id.* ¶¶ 5-7.

[7] *Id.* ¶¶ 25-28.

from receiving" and "intentionally denied" care for "non-medical reasons, specifically, with the intent of avoiding the costs and burdens associated with" providing treatment.[8]

On or about November 24, 2015, Ms. Davis was finally seen by a surgeon, and she underwent an operation on November 30, 2015.[9] She alleges that, "[a]s a consequence of . . . having gone without treatment during the initial six weeks" – presumably the time from October 15 through November 30 – "her fracture worsened and made the treatment and recovery . . . complicated and worse."[10] She also alleges that her injuries – *i.e.*, "serious and permanent damage to her left wrist, which include[s] loss of function, loss of strength, loss of motion, pain[,] and swelling" – are a "consequence" of Dr. Freeland's, Ms. Rishel's, and Ms. Otte's denial of "necessary and ordered medical treatment."[11]

### B. Procedural History

On April 17, 2017, Ms. Davis filed an Amended Complaint[12] against Dr. Freeland, Ms. Rishel, Ms. Otte, an ABC Corp., and three John Does. The Amended Complaint contains two counts: Count I, brought under 42 U.S.C. § 1983, alleges that Defendants' actions amounted to deliberate indifference to Ms. Davis's medical

---

[8] *Id.* ¶¶ 28-30.

[9] *Id.* ¶ 32.

[10] *Id.* ¶ 35.

[11] *Id.* ¶¶ 37-39.

[12] ECF No. 25.

condition, in violation of the Fourteenth Amendment to the United States Constitution.[13] Count II, a medical malpractice claim, alleges that Defendants' actions were professionally negligent.[14]

On May 15, 2017, Dr. Freeland and Ms. Rishel moved to dismiss Ms. Davis's Amended Complaint for failure to state a claim upon which relief can be granted.[15] Ms. Otte filed a similar motion on June 12, 2017.[16]

## II. DISCUSSION

### A. Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[17] a court assumes the truth of all factual allegations in a plaintiff's complaint and draws all inferences in favor of that party;[18] the court does not, however, assume the truth of any of the complaint's legal conclusions.[19] If a complaint's factual allegations, so treated, state a claim that is plausible – *i.e.*, if

---

[13] *Id.* ¶¶ 14-61.

[14] *Id.* ¶¶ 62-69.

[15] ECF No. 34.

[16] ECF No. 37.

[17] Federal Rule of Civil Procedure 12(b)(6).

[18] *Phillips v. Cnty. Of Allegheny*, 616 F.3d 224, 228 (3rd Cir. 2008).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).

they allow the court to infer the defendant's liability – the motion is denied; if they fail to do so, the motion is granted.[20]

## B. Medical Mistreatment Claim

The Eighth Amendment to the United States Constitution forbids the infliction of "cruel and unusual punishment," and is applicable to the states through the Fourteenth Amendment.[21] It has been interpreted to impose an obligation on the government "to provide medical care for those whom it is punishing by incarceration."[22] However, a cognizable claim of medical mistreatment requires more than mere allegations of "negligen[ce] in diagnosing or treating a medical condition"; instead, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."[23]

To show that a medical need is "serious," a prisoner must demonstrate that it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[24] To show a prison official's response to such a need amounts to "deliberate indifference," a prisoner must show that the official was "aware of facts

---

[20] *Id.*

[21] *Estelle v. Gamble*, 429 U.S. 97, 101 (1976).

[22] *Id.* at 103.

[23] *Id.* at 106. *See also Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3rd Cir. 1979) ("[N]egligence in the administration of medical treatment to prisoners is not itself actionable under the Constitution.")

[24] *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir. 1987).

from which the inference could be drawn that a substantial risk of serious harm exists," and that the official drew that inference.[25] The United States Court of Appeals for the Third Circuit has "found 'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment."[26]

Here, Defendants do not argue that Ms. Davis has failed to allege serious medical needs. Instead, they dispute whether Ms. Davis has properly alleged that their reaction to those needs amounted to deliberate indifference.

### 1. Whether Prison Officials May Consider the Cost of Treatment

Dr. Freeland and Ms. Rishel point to Ms. Davis's allegation that she was denied medical treatment for "non-medical reasons," including "the intent of avoiding . . . costs," and argue that it was not unconstitutional for them to consider the financial implications of any available treatment. In support, they note that "the deliberate indifference standard . . . does not guarantee prisoners the right to be

---

[25] *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

[26] *Rouse v. Plantier*, 182 F.3d 192, 197 (3rd Cir. 1999).

entirely free from the cost considerations that figure in the medical-care decision made by most non-prisoners in our society."[27]

While an accurate statement of the law, this principle does not warrant dismissal of Ms. Davis's claim. It is true that prisoners are not "*entirely* free" from cost considerations, the allegation here is not that Defendants chose one course of action over another based on their weighing of the costs and benefits of available treatments. Rather, the Amended Complaint is read to allege that Defendants deliberately decided on a course of *no* treatment for no other reason than to avoid an expense. If proven, this allegation could support a finding that Defendants were deliberately indifferent to Ms. Davis's serious medical needs.

### 2. Whether Disagreement Over Pain Medication Amounts to Deliberate Indifference

Dr. Freeland and Ms. Rishel point to Ms. Davis's allegation that she received only Motrin while at SCI-Muncy, and argue that a prison official's refusal to provide a prisoner's pain medication of choice is not unconstitutional. In support, they point to an unpublished Third Circuit opinion which held that a prison official's denial of a prisoner's request for a specific painkiller – the prisoner requested Ultram, but was given Motrin – was only a "disagreement over the exact contours of

---

[27] *Reynolds v. Wagner*, 128 F.3d 166, 175 (3rd Cir. 1997).

[a prisoner's] medical treatment" and did not amount to deliberate indifference to that prisoner's serious medical needs.[28]

Dr. Freeland and Ms. Rishel misunderstand the nature of Ms. Davis's claim. Ms. Davis is not alleging that she should have been given a different painkiller; she is alleging, instead, that Defendants' response to her serious medical needs – which response consisted entirely of giving her Motrin – amounted to deliberate indifference to those needs. Defendants' argument on this point, then, is a red herring.

### 3. Whether a Delay in Treatment Amounts to Deliberate Indifference

Dr. Freeland and Ms. Rishel argue that a delay in medical treatment is not unconstitutional, and attempt to support this argument by pointing to another unpublished Third Circuit opinion.[29] Their reliance on that opinion is misplaced, however, since it explicitly notes that "a delay in rendering necessary medical care for non-medical reasons can constitute deliberate indifference under certain circumstances."[30] While it may be that not every delay in medical treatment is actionable under the Eighth Amendment, the delay alleged here – six weeks

---

[28] *Gause v. Diguglielmo*, 339 Fed.Appx. 132, 136 (3rd Cir. 2009).

[29] *Bramson v. Sulayman*, 251 Fed.Appx. 84 (3rd Cir. 2009).

[30] *Id.* at 86. *See also Natale v. Camden County Correctional Facility*, 318 F.3d 575, 582 (3rd Cir. 2003) ("We have also found deliberate indifference in situations where necessary medical treatment is delayed for non-medical reasons.")

between accident and consultation with a surgeon – may be, if proven, sufficiently long to constitute deliberate indifference to Ms. Davis's serious medical needs.

### 4. Whether Ms. Davis Has Adequately Pled "But-For" Causation

Dr. Freeland and Ms. Rishel argue that Ms. Davis has failed to plead that their alleged actions were the but-for cause of Ms. Davis's alleged injuries. It appears, however, that they have failed to carefully read Ms. Davis's complaint, since it explicitly states that "[a]s a consequence of Plaintiff having gone without treatment during the initial six weeks, her fracture worsened and made the treatment and recovery from same complicated and worse," and that Ms. Davis's "permanent damage to her left wrist" . . . is "a consequence of Defendants having denied Plaintiff the necessary and ordered medical treatment in the six weeks following the injury."[31]

### 5. Whether Ms. Davis Has Adequately Plead That Defendants Possessed a "Sufficiently Culpable State of Mind"

Ms. Otte argues that Ms. Davis has not pled that Defendants possessed a "sufficiently culpable state of mind." The Amended Complaint, however, alleges that Ms. Davis personally informed Defendants about her injury and need for medical care, and that, for non-medical – and purely financial – reasons, Defendants

---

[31] ECF No. 25 ¶¶ 35-39.

deliberately took no action other than giving Ms. Davis some Motrin.  Ms. Davis, therefore, has adequately pled Defendants' culpability.

### 6. Whether Ms. Davis Has Adequately Pled Her "Complaints" to Defendants

Ms. Otte argues that Ms. Davis has not provided sufficient detail about the "complaints" she made to Defendants about her injury.  The Amended Complaint indicates two specific times when these complaints were made – on October 22 and 24, 2015 – and indicates that they were about the "significant and unbearable pain and swelling in her fractured wrist, that she needed surgery according to the hospital she had just been treated in, and associated issues including immobility of the joint."  Ms. Davis has adequately pled her complaints to Defendants.

### 7. Whether Ms. Davis Simply Disagrees with the Course of Treatment Provided

Defendant Ms. Otte argues that the Amended Complaint merely reflects Ms. Davis's disagreement and dissatisfaction with the course of treatment provided by Defendants at SCI-Muncy.

It is true that courts "afford[] considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients," and will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment[, which] remains a question of sound professional

judgment."[32] However, like Dr. Freeland and Ms. Rishel *supra*, Ms. Otte misunderstands the nature of Ms. Davis's claim. Ms. Davis is not arguing that Defendants provided her unconstitutional course of treatment "X," instead of constitutional course of treatment "Y." Instead, she alleges that Defendants provided *no* treatment for her injury (other than Motrin for associated pain), and that this refusal of care amounted to deliberate indifference to her serious medical need.

### C. Medical Malpractice Claim

Dr. Freeland, Ms. Rishel, and Ms. Otte all argue that, if this Court dismisses the medical mistreatment claim against them, this Court should decline to exercise supplemental jurisdiction over the medical malpractice claim. Because Ms. Davis's medical malpractice claim survives, this argument is moot.

### III. CONCLUSION

For the reasons stated above, the motions to dismiss filed by Dr. Freeland, Ms. Rishel, and Ms. Otte are denied, and Ms. Davis's claims against those Defendants survive.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[32] *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3rd Cir. 1979).