IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AIMEE DAVIS | : | CIVIL ACTION - LAW |
| V. | : | JURY TRIAL DEMANDED |
| CYNTHIA FREELAND, MD, et al. | : | NO.: 4:16-CV-01011 |

ANSWER AND AFFIRMATIVE DEFENSES OF CYNTHIA FREELAND, MD
AND AMY R. RISHEL, PA-C  TO THE AMENDED COMPLAINT (DOC. 24)
OF PLAINTIFF, AIMEE DAVIS

Defendants, Cynthia Freeland, MD ("Dr. Freeland") and Amy Rishel, PA-C
("PA Rishel"), respond to the Amended Complaint of Aimee Davis ("Davis") as
follows:

PRELIMINARY STATEMENT

1.     Denied. This is a statement from Davis. The substance and any
inference that Dr. Freeland and PA Rishel acted in a wrongful or negligent
behavior that violated any of Davis' constitutional or state rights is denied.

JURISDICTION

2.     Denied.  This paragraph is a conclusion of law to which no responsive
pleading is required. To the extent that a responsive pleading is required, it is
denied.  Strict proof is requested at the time of trial.

3.     Denied.  This paragraph is a conclusion of law to which no responsive
pleading is required. To the extent that a responsive pleading is required, it is
denied.  Strict proof is requested at the time of trial.

PARTIES

4.     Denied. Dr. Freeland and PA Rishel do not know Davis's current
address or where she is living.

1

5.     Denied as stated. Dr. Freeland and PA Rishel do not know Nurse Otte employment status. In addition, this is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

6.     Denied as stated.  Defendant, PA Rishel, is a physician's assistant but it is denied that she is an employee of the Commonwealth of Pennsylvania. It is admitted that she cares for inmates. The remaining averments are conclusions of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict  proof is requested at the time of trial.

7.     Denied as stated.  Defendant, Dr. Freeland, is a physician but it is denied that she is an employee of the Commonwealth of Pennsylvania. It is admitted that she cares for inmates. The remaining averments are conclusions of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

8.     Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

9.     Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

10.   Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

11.   Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

12.   Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

13.   Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

## COUNT 1 DELIBERATE INDIFFERENCE TO PLAINTIFF'S 14TH AMENDMENT RIGHTS

14.   Denied. Dr. Freeland and PA Rishel have no idea when or where Davis had an automobile accident, therefore after reasonable investigation Dr. Freeland and PA Rishel lacks knowledge and information to form a belief as to the truth or falsity of these averments.  Therefore they are denied.

15.   This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

16.     Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

17.     Denied. After reasonable investigation Dr. Freeland and PA Rishel lacks knowledge and information to form a belief as to the truth or falsity of these averments.  Therefore they are denied.

18.     Denied. After reasonable investigation Dr. Freeland and PA Rishel lacks knowledge and information to form a belief as to the truth or falsity of these averments.  Therefore they are denied.

19.     Denied. After reasonable investigation Dr. Freeland and PA Rishel lacks knowledge and information to form a belief as to the truth or falsity of these averments.  Therefore they are denied.

20.     Denied. After reasonable investigation Dr. Freeland and PA Rishel lack knowledge and information to form a belief as to the truth or falsity of these averments.  Therefore they are denied.

21.     Denied. After reasonable investigation Dr. Freeland and PA Rishel lack knowledge and information to form a belief as to the truth or falsity of these averments.  Therefore they are denied.

22.     Denied. After reasonable investigation Dr. Freeland and PA Rishel lack knowledge and information to form a belief as to the truth or falsity of these averments.  Therefore they are denied. In addition, this paragraph is a conclusion

of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

23.     Denied. After reasonable investigation Dr. Freeland and PA Rishel lack knowledge and information to form a belief as to the truth or falsity of these averments.  Therefore they are denied.

24.     Denied. After reasonable investigation Dr. Freeland and PA Rishel lack knowledge and information to form a belief as to the truth or falsity of these averments.  Therefore they are denied. In addition, this paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

25.     Denied. After reasonable investigation Dr. Freeland and PA Rishel lack knowledge and information to form a belief as to the truth or falsity of these averments.  Therefore they are denied.

26.     Denied. After reasonable investigation Dr. Freeland and PA Rishel lack knowledge and information to form a belief as to the truth or falsity of these averments.  Therefore they are denied. In addition, this paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial. Davis's medical records speak for themselves as to what was being said and done for Davis.

27.     Denied. After reasonable investigation Dr. Freeland and PA Rishel lack knowledge and information to form a belief as to the truth or falsity of these

averments.  Therefore they are denied. In addition, this paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial. Davis's medical records speak for themselves as to what was being said and done for Davis.

28. Denied. Davis's medical records speak for themselves as to what was being said and done for Davis. In addition, this paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial. Davis's medical records speak for themselves as to what was being said and done for Davis.

29.     Denied. Davis's medical records speak for themselves as to what was being said and done for Davis. In addition, this paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

30.     Denied. Davis's medical records speak for themselves as to what was being said and done for Davis. In addition, this paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

31.     Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is

denied.  Strict proof is requested at the time of trial. At no time did the defendants intentionally deny or prevented her from care.

32.    Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

33.    Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

34.    Denied. Davis's medical records speak for themselves as to what was being said and done for Davis.

35.    Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

36.    Denied. After reasonable investigation Dr. Freeland and PA Rishel lack knowledge and information to form a belief as to the truth or falsity of these averments.  Therefore they are denied.

37.    Denied. After reasonable investigation Dr. Freeland and PA Rishel lack knowledge and information to form a belief as to the truth or falsity of these averments.  Therefore they are denied. In addition, this paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

38.     Denied. After reasonable investigation Dr. Freeland and PA Rishel lack knowledge and information to form a belief as to the truth or falsity of these averments.  Therefore they are denied. In addition, this paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

39.     Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

40.     Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

41.     Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

42.     Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

43.     Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

44.     Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

45.     Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

46.     Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

47.     Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

48.     Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

49.     Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

50.     Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

51.     Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

52.     Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

53.     Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

54.     Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

55.     Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

56.     Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

57.     Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

58.    Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

59.    Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

60.    Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

61.    Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is requested at the time of trial.

WHEREFORE, defendants, Cynthia Freeland, MD and Tammy Rishel, PA-C, request that Aimee Davis' Amended Complaint be dismissed and that Judgment be entered in favor of Cynthia Freeland, MD and Tammy Rishel, PA-C, together with all costs and attorneys' fees.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

Davis has failed to set forth a cause of action pursuant to 42 U.S.C. §1983 since Dr. Freeland and PA Rishel have engaged in no conduct that constitutes deliberate indifference to a serious medical need, and since Dr. Freeland and PA

Rishel had no subjective knowledge that their actions presented a substantial risk of harm to Davis.

## SECOND AFFIRMATIVE DEFENSE

Davis has failed to set forth a cause of action pursuant to 42 U.S.C. §1983 since she fails to suffer from a serious medical need to which she alleges Dr. Freeland and PA Rishel were deliberately indifferent.

## THIRD AFFIRMATIVE DEFENSE

Davis has failed to identify a serious medical need.

## FOURTH AFFIRMATIVE DEFENSE

Davis has failed to state a cause of action pursuant to 42 U.S.C. §1983 since at all times Dr. Freeland and PA Rishel acted in good faith without subjective appreciation that their alleged actions deprived Davis of her constitutional rights.

## FIFTH AFFIRMATIVE DEFENSE

Any injuries allegedly suffered by Davis resulted from the conduct of third parties unrelated to Dr. Freeland and PA Rishel and for whom Dr. Freeland and PA Rishel had no duty or ability to control or direct.

## SIXTH AFFIRMATIVE DEFENSE

Any claim for punitive damages is barred because the procedure for awarding punitive damages violates the due process clause of the Fourteenth Amendment of the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

Dr. Freeland and PA Rishel plead as defenses all limitations on damages imposed by the Prison Litigation Reform Act of 1996, 42 U.S.C. §1997e, including the limitation on recovery for mental or emotional injury and the limitation on attorneys' fees.

## EIGHTH AFFIRMATIVE DEFENSE

12

Davis has failed to adequately and fully exhaust her administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. §1997e(a).

NINTH AFFIRMATIVE DEFENSE

Davis has failed to set forth a cause of action pursuant to 42 U.S.C. §1983 for negligent supervision, control of agents and respondeat superior.

TENTH AFFIRMATIVE DEFENSE

Dr. Freeland and PA Rishel at all times reasonably believed that they had not violated clearly established laws concerning Davis's Constitutional rights.  Thus, Dr. Freeland and PA Rishel have a qualified immunity, which protects them from liability under 42 U.S.C. §1983.

ELEVENTH AFFIRMATIVE DEFENSE

Davis' claims are barred by the applicable statute of limitations.

TWELFTH AFFIRMATIVE DEFENSE

At all times relevant, the treatment rendered by Dr. Freeland and PA Rishel was reasonable and appropriate, non-negligent, and within the applicable standard of care.

THIRTEENTH AFFIRMATIVE DEFENSE

Dr. Freeland and PA Rishel hereby assert any and every defenses available to them not otherwise specified above, pursuant to applicable federal and state statutes.

FOURTEENTH AFFIRMATIVE DEFENSE

At all relevant times Davis was provided with treatment in accordance with the applicable standards of medical care at the time and place of treatment.

FIFTEENTH AFFIRMATIVE DEFENSE

No act or omission of Dr. Freeland and PA Rishel was the proximate cause of any of Davis's alleged injuries.

## SIXTEENTH AFFIRMATIVE DEFENSE

The alleged injuries of Davis were caused or contributed to in whole or in part by the negligence of lack of due care of persons, parties and/or entities other than Dr. Freeland and PA Rishel over whom Dr. Freeland and PA Rishel had no control, right of control or responsibility.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Dr. Freeland and PA Rishel breached no duty, which was allegedly owed to Davis and did not act with deliberate indifference to Davis's needs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Dr. Freeland and PA Rishel fulfilled each and every duty, which was owed to Davis.

## NINETEENTH AFFIRMATIVE DEFENSE

Any injuries allegedly sustained by Davis resulted from her own negligence, which exceeded any negligence, if any, on the part of Dr. Freeland and PA Rishel. Consequently, the Pennsylvania Comparative Negligence Act bars Davis's claims against Dr. Freeland and PA Rishel.  In the alternative, any recovery by Davis must be reduced by the percentage of the negligence of Davis.

## TWENTIETH AFFIRMATIVE DEFENSE

Dr. Freeland and PA Rishel have a qualified immunity, which bars Davis's Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Dr. Freeland and PA Rishel reserve the right to supplement these affirmative defenses as investigation and discovery in this matter proceeds.

WHEREFORE, defendants, Cynthia Freeland, MD and Tammy Rishel, PA-C, request Judgment in their favor, together with all costs, attorneys' fees and whatever other recover amount the court finds just and proper.

GOLD & FERRANTE, P.C.

BY:        /S/ ALAN S. GOLD
        ALAN S. GOLD
        Attorney for Dr. Freeland and PA Rishel,
        Cynthia Freeland, MD and Tammy
        R. Rishel, PA-C

        Atty Id No. 23400
        261 Old York Road, Suite 526
        Jenkintown, PA 19046
        (215)885-1118
        email: asg@goldferrantelaw.com

15

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have sent a true and correct copy of Dr. Freeland and PA Rishel, Cynthia Freeland, MD and Tammy R. Rishel, PA-C's Answer and Affirmative Defenses to the Amended Complaint of Aimee Davis, via ECF filing on this date upon the following individuals:

Susan B Ayres
Hill & Associates, P.C.
123 S. Broad Street
Suite 1100
Philadelphia, PA 19109
Email: sue@hilljustice.com

Joseph G. Fulginiti
Chief Counsel's Office
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Email: josfulgini@pa.gov

John P. Gonzales
jpgonzales@mdwcg.com

_____/S/ ALAN S. GOLD
ALAN S. GOLD

DATE:        November 27, 2017